OPINION
Alvin Darryl Moaning entered pleas of guilty to one count of receiving a stolen vehicle and to one count of operating a motor vehicle so as to willfully elude or flee a police officer after receiving an audible signal from the said officer and creating a substantial risk of serious physical harm to persons or property. As part of the negotiated plea bargain, the State dismissed a third count of receiving or retaining stolen property. Moaning had initially pled not guilty to all three counts but after his motion to suppress was overruled, the plea bargain was negotiated.
Part of the plea bargain was that Moaning would receive a "three-and-a-half-year sentence." Sentencing Tr. 3, 4. Moaning stated on the record during the sentencing hearing that it was his understanding that the plea bargain included his acceptance of a three-and-a-half-year sentence. Tr. 4-5.
Moaning filed a notice of appeal, and in due course, his appointed appellate counsel filed a carefully written Anders brief, which thoroughly examined the record and the law and concluded that there were no meritorious issues for appeal. Appellate counsel pointed out that the only possible assignment of error was that the court abused its discretion in sentencing Moaning to consecutive sentences which added six months for receiving stolen property consecutive to three years for imprisonment for willfully eluding the police officer. Counsel pointed out in his brief that R.C. 2953.08(D) provides that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. . .". This was clearly the situation in the case before us. The total aggregate three-and-a-half-year sentence was mentioned repeatedly by the court during the sentencing hearing (Tr. 7-8, 9, 13, 16), and when the court in its formal sentencing rendered six months on count one and three years on count two, it added "to be run consecutively for an aggregate sentence of three-and-a-half years." Tr. 15. There could be no question that Moaning understood his total sentence was to be three-and-a-half years, regardless of how it might be split.
On December 5, 2001, we informed Moaning of the fact that his counsel had filed an Anders brief and granted him sixty days from that date to file his pro se brief, if any.
No such pro se brief has been filed.
We have thoroughly examined the record of the proceedings in this case, and we agree with the assessment of appellate counsel that there are no meritorious issues for appellate review.
The judgment is affirmed.
FAIN, J. and GRADY, J., concur.